1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4811
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6
   Attorneys for Defendants
7  and Unifund CCR Partners and
   Steven A. Booska
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12  JASON E. DAVIS,                    ) CASE NO.: 3:07-CV-01767 SI
                                       )
13           Plaintiff,                ) **NOTICE OF MOTION AND**
                                       ) **MOTION TO DISMISS**
14                                     ) **COMPLAINT BY DEFENDANT**
                                       ) **UNIFUND CCR PARTNERS;**
15       vs.                           ) **MEMORANDUM OF POINTS AND**
                                       ) **AUTHORITIES IN SUPPORT OF**
16  UNIFUND CCR PARTNERS, a            ) **MOTION**
    corporation; STEVEN A. BOOSKA,     )
17  an individual; and DOES 1 through 10 ) Date: June 8, 2007
    inclusive,                         ) Time: 9:00 a.m.
18                                     ) Courtroom: 10 (19th Floor)
             Defendants.               )
19                                     ) The Honorable Susan Ilston
                                       )
20  _____  )

21

22

23

24

25

26

27

28
   _____
   DAVIS V. UNIFUND CCR PARTNERS, ET AL.(CASE NO. C07 1767 JCS)
   UNIFUND'S MOTION TO DISMISS COMPLAINT

1  TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that on June 8, 2007, at 9:00 a.m., or as soon
3  thereafter as the matter may be heard in Courtroom 10 of this court, located at 450
4  Golden Gate Avenue, San Francisco, California, 94102, the Honorable Susan
5  Ilston presiding, defendant Unifund CCR Partners ("Unifund") will and hereby
6  does move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules
7  of Civil Procedure, dismissing all of the claims asserted against Unifund in the
8  Complaint filed herein.

9  The motion is made on the grounds that all of the claims asserted by
10 plaintiff in this action are barred as a matter of law because they are compulsory
11 counterclaims which should have been, but were not, asserted by plaintiff against
12 Unifund in the prior state court action between these parties.  The claims are
13 barred as a matter of law under controlling Ninth Circuit authority and pursuant to
14 California law.

15 This motion will be based upon this Notice of Motion and Motion, the
16 accompanying Memorandum of Points and Authorities in Support of the Motion,
17 the Request For Judicial Notice, upon all of the records on file in this action, and
18 upon such other and further evidence or argument that the Court may permit at the
19 hearing in this matter.

20

21 DATED: May 1, 2007          SIMMONDS & NARITA, LLP
                                TOMIO B. NARITA
22                              JEFFREY A. TOPOR

23

24
                             By:    s/Tomio B. Narita
25                                  Tomio B. Narita
                                    Attorneys for Defendants Unifund CCR
26                                  Partners and Steven A. Booska

27

28

DAVIS V. UNIFUND CCR PARTNERS, ET AL.(CASE NO. C07 1767 JCS)
UNIFUND'S MOTION TO DISMISS COMPLAINT

I.   **INTRODUCTION**

A year ago, the plaintiff in this action, Jason E. Davis ("Davis"), was sued in a state court case filed in Stanislaus County Superior Court by defendant Unifund CCR Partners ("Unifund"). Davis filed an answer in that state court action. He was represented by the same counsel that represents him in this case. The state court answer asserted a number of affirmative defenses against Unifund, including that the contract between Davis and Unifund was illusory, barred by the statute of limitations and unenforceable, and that Unifund had violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (the "Rosenthal Act"). Davis did <u>not</u> assert any counterclaims against Unifund in the state court case.

Unifund dismissed the state court action, and Davis then filed this case. Davis seeks to pursue the same claims in this court that he decided not to prosecute in state court. All of the claims Davis asserts here are related to the claims asserted in the state court action. They all turn on whether Unifund owned an enforceable claim to recover money from Davis. Thus, Davis's claims are compulsory counterclaims that he should have filed – but did not file – in that action. They are barred as a matter of law.

Davis had the opportunity to pursue these claims against Unifund in state court, but he chose not to do so. He may not revive the abandoned claims in this action. The Ninth Circuit has repeatedly upheld the dismissal of such claims, because allowing them to proceed would completely undermine the purpose of the compulsory counterclaim statute, which is designed to avoid a multiplicity of actions and the piecemeal litigation of claims.

Unifund's motion to dismiss should be granted. Davis cannot amend his pleading, so the dismissal as to Unifund should be with prejudice.

## II. ALLEGATIONS OF THE COMPLAINT

The Complaint alleges that on May 31, 2006, Unifund filed an action against Davis in the Superior Court of California, County of Stanislaus, Case No. 380735 (the "state court action"). *See* Complaint ¶ 30. A certified copy of the complaint filed by Unifund against Davis in the state court action is attached as **Exhibit A** to the Defendants' Request For Judicial Notice In Support Of Motion For Judgment On The Pleadings ("Judicial Notice"). The state court complaint alleged that Davis had breached his contract with Unifund' predecessor-in-interest by failing to pay the amount due under the agreement. *See id.* In response to the complaint, Davis retained his present counsel, Eric F. Fagan, to represent him, and Davis filed an answer. *See* Judicial Notice, **Ex. B**.

In his state court answer, Davis asserted a series of affirmative defenses to the complaint, including that Unifund had failed to state a valid claim, that its claims were barred by the statute of limitations, and that the contract was unenforceable and illusory. *See id*. His answer also alleged that Unifund had violated the FDCPA and Rosenthal Act. *See id*. Davis did not, however, assert any counterclaims against Unifund. The state court action was subsequently dismissed by Unifund.

Davis's Complaint in this case arises out of the identical claims asserted by Unifund in the state court action. Davis maintains that the claim filed by Unifund was time-barred, and that Unifund filed the state court action against him despite the fact that it did not own the debt and that it lacked sufficient documentation to prove the debt. *See* Complaint ¶¶ 16-40. Like his answer in the state court action, the Complaint here alleges that Unifund' communications violated both the FDCPA and the Rosenthal Act. *See id*. ¶¶ 44-50.

## III. ARGUMENT

### A. Standards Governing Motions To Dismiss

Where, as here, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court may grant a motion to dismiss under Rule 12(b)(6). *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L.Ed. 2d 80 (1957). A dismissal under Rule 12(b)(6) can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Smilecare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

While the Court must accept as true a plaintiff's material allegations and all reasonable inferences therefrom, *see NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 897 (9th Cir. 1986), the Court need not accept as true conclusory allegations that are unsupported by the facts alleged, or that are couched in factual allegation, *see Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992); *McGlincy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *see also Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss").

### B. The FDCPA And Rosenthal Act Claims Fail As A Matter Of Law Because They Are Compulsory Counterclaims That Should Have Filed And Pursued In The State Court Action

Davis's Complaint in this action asserts that Unifund did not have a legitimate right to seek to collect money from him, that it lacked the documentation needed to prove his debt, and that Unifund' claims in the state court litigation were barred by the statute of limitations. Based on these allegations, Davis asserts that Unifund' attempt to collect his debt in the state court proceedings violated the FDCPA and the Rosenthal Act.

The claims in this case are directly related to the claims asserted by Unifund in the state court case. Indeed, Davis actually asserted FDCPA and Rosenthal Act violations as affirmative defenses in the state court case. For whatever reason, Davis decided not to pursue his purported FDCPA and Rosenthal Act claims in that forum. In light of the compulsory counterclaim rule, however, Davis's claims are barred as a matter of law. Judgment should be entered for Unifund.

The California compulsory counterclaim rule appears at section 426.30 of the California Code of Civil Procedure, and it reads in relevant part as follows;

> **Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.**

*See* Cal. Code Civ. Proc. § 426.30 (emphasis supplied). The purpose of the statute, as recognized by the California Supreme Court, is to prevent a piecemeal litigation by resolving all related claims between the parties in one action:

> The law abhors a multiplicity of actions, and the obvious intent of the Legislature in enacting the counterclaim statutes . . . was to provide for the settlement, in a single action, of all conflicting claims between the parties arising out of the same transaction. Thus, a party cannot by negligence or design withhold issues and litigate them in successive actions; he may not split his demands or defenses; he may not submit his case in piecemeal fashion.

*See Flickinger v. Swedlow*, 45 Cal. 2d 388, 393 (1955) (citations omitted).

A claim will be considered a "related cause of action" that must be asserted as a counterclaim if it "arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint." *See* Cal. Code Civ. Proc. § 426.10. Any related cause of action that existed but was not asserted when the answer was filed in the prior action is barred. *See AL Holding Co. v. O'Brien & Hicks, Inc.*, 75 Cal. App. 4th 1310, 1313-14 (2000) (fact that original action was dismissed irrelevant: "The critical

time period to which section 426.30 looks is that point in time when the complaint has been filed and served against a defendant. . . .").

Courts in California have repeatedly held that the compulsory counterclaim statute must be read broadly in order to achieve the purpose of avoiding piecemeal litigation. *See, e.g., Currie Med. Specialities, Inc. v. Bowen*, 136 Cal. App. 3d 774, 777 (1982) (California courts have adopted "the expansive logical relation test" used by federal courts under Rule 13(a) of Federal Rules of Civil Procedure); *Sylvester v. Soulsburg*, 252 Cal. App. 2d 185, 192-93 (1967) (holding that tort claim for trespass was compulsory counterclaim in prior foreclosure action: "The word 'transaction' embraces almost any activity by a person which affects another's right and out of which a cause of action may arise."); *Saunders v. New Capital for Small Bus., Inc.*, 231 Cal. App. 2d 324, 334 (1964) (term "transaction" should be "liberally construed" to achieve statutory purpose of avoiding multiplicity of actions).

In this action, there is no question that the claims are related, since the claims Davis asserts in federal court are simply the flip-side of the breach of contract claims that Unifund asserted in state court. The Complaint in this action alleges that Unifund violated federal and state law because it allegedly was not entitled to recover money from Davis – either because Unifund did not own the debt, because it did not have sufficient documentation to prove the debt, or because the claims were barred by the statute of limitations. *See* Complaint ¶¶ 16-40. These are the same affirmative defenses that Davis asserted in his state court answer. *See* Judicial Notice, **Ex. B**. The claims in this action could hardly be more "related" to the claims in Unifund' state court action.

The Ninth Circuit has repeatedly held that a party who fails to assert a compulsory counterclaim in state court litigation may not subsequently pursue the claim in federal court. *See Cheiker v. Prudential Ins. Co. of Am.*, 820 F. 2d 334,

337 (9th Cir. 1987) (applying § 426.30 of California Code of Civil Procedure to bar contract and tort claims: "since appellant's causes of action here are related to the Interpleader action, we hold that appellant cannot now litigate those related causes of action. Otherwise, piecemeal litigation will occur and defeat the purpose of the compulsory cross-claim statute."); *Springs v. First Nat'l Bank of Cut Bank,* 835 F.2d 1293, 1296 (9th Cir. 1988) (barring negligence claim that should have been asserted as compulsory counterclaim in state court foreclosure action); *Pochiro v. Prudential Ins. Co. Of Am.*, 827 F.2d 1246 (9th Cir. 1987) (barring claims for defamation, breach of contract and abuse of process that were compulsory counterclaims in an earlier trade secrets action). Davis cannot assert his claims here, because he failed to assert them as compulsory counterclaims in the state court action. Accordingly, Unifund is entitled to a dismissal.

## IV.  **CONCLUSION**

All of the claims asserted in this action are compulsory counterclaims that should have been asserted in the prior action. The motion to dismiss should be granted, and all claims against Unifund should be dismissed. Since Davis cannot amend his pleading, the dismissal as to Unifund should be with prejudice.

DATED: May 1, 2007          SIMMONDS & NARITA, LLP
                            TOMIO B. NARITA
                            JEFFREY A. TOPOR


                            By:    s/Tomio B. Narita
                                  Tomio B. Narita
                                  Attorneys for Defendants Unifund CCR
                                  Partners and Steven A. Booska