1  TOMIO B. NARITA (SBN 156576)
   JEFFREY A. TOPOR (SBN 195545)
2  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
3  San Francisco, CA 94104-4811
   Telephone: (415) 283-1000
4  Facsimile:  (415) 352-2625
   tnarita@snllp.com
5  jtopor@snllp.com

6
   Attorneys for Defendants
7  and Unifund CCR Partners and
   Steven A. Booska
8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11

12  JASON E. DAVIS,                      ) CASE NO.: 3:07-CV-01767 SI
                                         )
13          Plaintiff,                   )
                                         ) **NOTICE OF MOTION AND**
14                                       ) **MOTION OF DEFENDANT**
        vs.                              ) **STEVEN A. BOOSKA TO DISMISS**
15                                       ) **SECOND CLAIM FOR RELIEF IN**
                                         ) **COMPLAINT; MEMORANDUM**
16  UNIFUND CCR PARTNERS, a              ) **OF POINTS AND AUTHORITIES**
    corporation; STEVEN A. BOOSKA,       ) **IN SUPPORT OF MOTION**
17  an individual; and DOES 1 through 10 )
    inclusive,                           ) Date: June 8, 2007
18                                       ) Time: 9:00 a.m.
            Defendants.                  ) Courtroom: 10 (19th Floor)
19                                       )
                                         ) The Honorable Susan Ilston
20  ──────────────────────────────      )

21

22

23

24

25

26

27

28

1    TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on June 8, 2007, at 9:00 a.m., or as soon

3    thereafter as the matter may be heard in Courtroom 10 of this court, located at 450

4    Golden Gate Avenue, San Francisco, California, 94102, the Honorable Susan

5    Ilston presiding, defendant Steven A. Booska will and hereby does move this

6    Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

7    Procedure, dismissing the California state law claims asserted by Plaintiff in the

8    Second Claims For Relief contained in the Complaint filed herein.

9        This motion is made on the grounds that the state law claims under

10   California Civil Code § 1788 *et seq*., (the "Rosenthal Act") fail because they are

11   based upon alleged communications made in connection with a state court

12   collection action.  The claims are absolutely barred by the litigation privilege, as

13   codified by the California legislature at section 47 of the California Civil Code.

14       This motion will be based upon this Notice of Motion and Motion, the

15   accompanying Memorandum of Points and Authorities in Support of the Motion,

16   upon all of the records on file in this action, and upon such other and further

17   evidence or argument that the Court may permit at the hearing in this matter.

18

19   DATED: May 1, 2007          SIMMONDS & NARITA, LLP
                                 TOMIO B. NARITA
20                               JEFFREY A. TOPOR

21

22                              By:   s/Tomio B. Narita
23                                    Tomio B. Narita
                                      Attorneys for defendants
24

25

26

27

28

DAVIS V. UNIFUND CCR PARTNERS, ET AL.(CASE NO. C07 1767 JCS)
DEFENDANT STEVEN A. BOOSKA'S MOTION TO DISMISS SECOND CLAIM FOR RELIEF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

After he stopped making payments on his Citibank credit card account, plaintiff Jason E. Davis ("Davis"), was sued in a state court collection action by Citibank's successor in interest, defendant Unifund CCR Partners ("Unifund").  In that collection action, Unifund was represented by its counsel, defendant Steven A. Booska ("Booska"; collectively, "Defendants").  On November 16, 2006, Defendants caused the collection action to be dismissed.

On March 28, 2007, ten months after the collection action was filed against him, Davis filed this case.  Davis claims that the allegations made in Defendants' collection complaint, violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., and the California Rosenthal Act, California Civil Code § 1788 *et seq.* (the "Rosenthal Act").

The Rosenthal Act claims filed by Davis are barred as a matter of law.  The California Supreme Court has repeatedly held that the contents of any pleading or any communications made within or in connection with litigation are absolutely privileged.  Such statements cannot form the basis of any claim.  Here, Davis's state law claims are based solely upon allegedly false or misleading statements made in the collection complaint that was filed against Davis.  These alleged statements are absolutely privileged, and the state law claims under the California Civil Code therefore fail as a matter of law.

Because the litigation privilege is absolute, it would be futile to grant Davis leave to amend his state law claims.  Defendant Booska respectfully requests that this Court issue an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the Second Claim for Relief as to Booska, with prejudice.

## II.   ALLEGATIONS OF THE COMPLAINT

On May 31, 2006, Defendants filed a collection action against Davis in the Superior Court of California, County of Stanislaus.  Davis alleges that by filing the complaint in that action, Booska violated the Rosenthal Act when he allegedly "falsely represent[ed] the legal status of the Debt," "falsely represent[ed] the amount of the Debt," "us[ed] unfair or unconscionable means to attempt to collect a debt in suing on a time barred debt," "attempt[ed] to collect on an amount of principal and interest not authorized by agreement or permitted by law," and "attempt[ed] to collect attorneys' fees not authorized by agreement or permitted by law."  *See* Complaint at ¶ 48.  Davis further alleges that Booska violated the Rosenthal Act by "violating 15 U.S.C §1692d"; that by filing the collection action, Booska was engaging in conduct the natural consequence of which is harassment, oppression or abuse of a debtor.  *See id*.  Davis's entire Rosenthal Act claim arises out of the statements allegedly made in Unifund's collection complaint filed by Booska in the Superior Court.  *Id.* at ¶¶ 29-43.

## II.   ARGUMENT

### A.   Standards Applicable To A Motion To Dismiss

Where, as here, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L.Ed. 2d 80 (1957). A dismissal under Rule 12(b)(6) can be based on either: 1) the lack of a cognizable legal theory; or 2) the absence of sufficient facts alleged under a cognizable legal theory.  *See Smilecare Dental Group v. Delta Dental Plan of Cal., Inc*., 88 F.3d 780, 783 (9th Cir. 1996); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

1  While the Court must accept as true a plaintiff's material allegations and all

2  reasonable inferences therefrom, *see NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 897

3  (9th Cir. 1986), the Court need not accept as true conclusory allegations that are

4  unsupported by the facts alleged, or that are couched in factual allegation, *see*

5  *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992); *McGlincy v. Shell*

6  *Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988); *see also Adams v. Johnson*, 355

7  F.3d 1179, 1183 (9th Cir. 2004) ("conclusory allegations of law and unwarranted

8  inferences are insufficient to defeat a motion to dismiss").

9  **B.   California's Litigation Privilege Provides An Absolute Bar To**
   **Liability Based Upon Alleged Communications Made In**
10  **Pleadings Or In Connection With Judicial Proceedings**

11  California courts and the California legislature have long recognized that

12  the contents of any pleading – as well as any communications made during or in

13  connection with judicial proceedings – are <u>absolutely</u> privileged, and may not

14  form the basis of any subsequent claim against the speaker.  "For well over a

15  century, communications with 'some relation' to judicial proceedings have been

16  absolutely immune from tort liability by the privilege codified as section 47(b)."

17  *Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993).[1]  The principal purpose of the

18  privilege is "to afford litigants and witnesses the utmost freedom of access to the

19  courts without fear of being harassed subsequently by derivative tort actions."

20  *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (citations omitted).  The privilege

21  is also designed to "'encourage open channels of communication and zealous

22  advocacy, to promote complete and truthful testimony, and to avoid unending

23  litigation.'"  *Jacob B. v. County of Shasta*, 56 Cal. Rptr. 3d 477, 483, 154 P. 3d

24  1003 (Cal. 2007), quoting *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1063 (2006).

25

26  [1]   Section 47(b) of the California Civil Code provides in relevant part as
   follows: "A privileged publication or broadcast is one made: . . .  (b) In any (1)
27  legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding
   authorized by law . . . ."  Cal. Civ. Code § 47(b).
28

The usual formulation of the contours of the privilege was stated by the California Supreme Court in *Silberg* as follows:

> The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.

*Id.* at 212.

The Supreme Court has made clear that the contents of all pleadings and process involved in any litigation are privileged communications and may not form the basis of any claim. *See, e.g., Rusheen v. Cohen*, 37 Cal. 4th at 1058 (privilege applies to false or perjurious testimony or pleadings); *Rubin*, 4 Cal. 4th at 1195 (privilege barred claims based on contents of pleadings and amended pleadings). Indeed, the privilege extends beyond the contents of formal pleadings, and

> applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, **even though the publication is made outside the courtroom and no function of the court or its officers is involved**.

*Silberg,* 50 Cal. 3d at 212 (emphasis supplied).

The broad application of the privilege has been deemed essential to ensuring the integrity of the judicial process. *See Silberg*, 50 Cal. 3d at 214-15 (describing the privilege as "the backbone to an effective and smoothly operating judicial system"). For this reason, California courts have given the privilege an expansive reach, using it to bar both statutory and tort causes of action, with a single exception for malicious prosecution suits. *See id.* at 215-16; *see also Olszewski v. Scripps Health*, 30 Cal. 4th 798, 831-32 (2003) (litigation privilege barred alleged class claims asserted under Business & Professions Code § 17200); *Rubin*, 4 Cal. 4th at 1200-04 (privilege barred claim for alleged violations of Business & Professions Code § 17200); *Ribas v. Clark*, 38 Cal. 3d 355, 364-65 (1985) (privilege barred claim for damages arising from alleged violations of Privacy Act,

1   Penal Code §§ 630, *et seq*.); *Carden v. Getzoff*, 190 Cal. App. 3d 907, 909 n. 2

2   (1987) (privilege barred claim for fraud and deceit); *Steiner v. Eikerling*, 181 Cal.

3   App. 3d 639, 642-43 (1986) (privilege barred claim based on publication of forged

4   will prepared for probate); *Portman v. George McDonald Law Corp.*, 99 Cal. App.

5   3d 988, 989-90 (1979) (privilege barred claim for negligent misrepresentation).

6   Indeed, the California Supreme Court recently held that the privilege barred a

7   claim based upon the constitutional right to privacy. *See Jacob B.*, 56 Cal. Rptr.

8   3d at 488 ("The same compelling need to afford free access to the courts exits

9   whatever label is given to a privacy cause of action.").

10      Federal courts in California have repeatedly applied the privilege to bar

11   state law claims – including Rosenthal Act claims – arising out of communications

12   occurring within collection actions. *See, e.g. Sengchanthalangsy v. Accelerated*

13   *Recovery Specialists, Inc.*, 473 F. Supp. 2d 1083 (privilege barred claims for fraud,

14   negligence and violations of Cal. Bus. & Prof. Code § 17200 based upon allegedly

15   false affidavit used in connection with collection action); *Taylor v. Quall*, 458 F.

16   Supp. 2d 1065, 1067-68 (C.D. Cal. 2006) (privilege barred Rosenthal Act claim

17   and § 17200 claim based upon allegedly false statements made in connection with

18   collection litigation).[2]

19

20   [2]    Even if Davis sought leave to amend based upon prelitigation
21   communications, his claim would still fail.  In addition to pleadings and process
    involved in the litigation, the litigation privilege also "has been broadly construed to
22   apply to demand letters and prelitigation communications by an attorney." *Knoell v.*
23   *Petrovich*, 76 Cal. App. 4th 164, 171 (1999) (privilege barred claim based on
    statements made in attorney's demand letter); *see also Rubin*, 4 Cal. 4th at 1194-95
24   (statements in attorneys' pre-litigation notice of intent to sue were protected by the
25   privilege); *Home Ins. Co. v. Zurich Ins. Co.*, 96 Cal. App. 4th 17, 24 (2002) (privilege
    barred claims based upon statements made by counsel during settlement
26   negotiations); *Larmour v. Campanale*, 96 Cal. App. 3d 566, 569 (1979) (attorney's
27   demand letter held privileged); *Lerette v. Dean Witter Org., Inc.*, 60 Cal. App. 3d 573,
28   577-78  (1976) ("Therefore, we hold that a demand letter such as that sent by Dubow

1

### C.   The Second Claim For Relief Is Based Upon Alleged Statements Made In A Complaint In Connection With The State Court Collection Action And Therefore Fail As A Matter Of Law

2

3    The only conduct complained of in the Complaint is the filing of and the

4    statements made within the state court collection action.  All of the allegations

5    made to support Davis's claims under the Rosenthal Act are based upon

6    statements made in that collection complaint.  The state law claims are therefore

7    based solely upon communications made within or in connection with the

8    collection action.  Davis's Second Claims for Relief falls squarely within the bar

9    of the litigation privilege.  The claims fail.

10    Davis alleges that the collection complaint falsely represented the debt's

11    legal status, falsely represented the amount of the debt, improperly sought to

12    recover on a time-barred debt, attempted to collect on an amount of principal and

13    interest not authorized by agreement or permitted by law, and attempted to collect

14    attorneys' fees not authorized by agreement or permitted by law.  *See* Complaint

15    at ¶¶ 36, 39-40, 41, 48.  By challenging these allegations – which are contained in

16    the collection complaint itself – Davis's state law claims run headlong into the

17    absolute bar of the litigation privilege. *See, e.g., Rusheen*, 37 Cal. 4th at 1062, 39

18    Cal. Rptr. 3d at 722 (abuse of process claims based upon filing of allegedly

19    perjured proofs of service barred by privilege); *Olszewski*, 30 Cal. 4th at 831-32,

20    135 Cal. Rptr. 2d at 28 (section 17200 claim based upon the filing of liens barred

21    by the privilege); *Albertson v. Raboff*, 46 Cal. 2d 375, 380-81 (1956) (slander of

22    title claim based on recording notice of lis pendens barred by privilege).

23  ## IV.   CONCLUSION

24    The Rosenthal Act claims asserted by Davis are based exclusively upon

25    statements that were allegedly made in a collection complaint filed in the Superior

26    Court of California, County of Stanislaus.  All communications made in

27    _____

28    is fully privileged under section 47 as preliminary to a judicial proceeding.").

1    connection with that litigation are absolutely privileged and cannot form the basis

2    of any claim against Booska.  The privilege is absolute, and therefore any attempt

3    to amend the claims would be futile.

4            Accordingly, defendant Booska respectfully requests that this Court enter an

5    Order dismissing the Second Claim for Relief, with prejudice.

6

7    DATED: May 1, 2007            SIMMONDS & NARITA, LLP
                                    TOMIO B. NARITA
8                                   JEFFREY A. TOPOR

9

10

11                                 By:    s/Tomio Narita
                                         _____
12                                        Tomio B. Narita
                                          Attorneys for defendants
13                                        Unifund CCR Partners and
                                          Steven A. Booska

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28