IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON E. DAVIS, | No. C 07-1767 SI |
| Plaintiff, | **ORDER RE: FURTHER BRIEFING** |
| v. | |
| UNIFUND CCR PARTNERS, et al., | |
| Defendant. | |

Defendants' motions to dismiss are scheduled for a hearing on June 8, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matters are appropriate for resolution without oral argument, and VACATES the hearing.

The Court directs the parties to submit supplemental briefs regarding several issues raised by the motion filed by defendant Unifund CCR Partners. Defendant asserts that this Court should apply California's compulsory counterclaim statute to bar plaintiff's claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Act. The Court directs further briefing on the question of whether California's compulsory counterclaim statute applies in a non-diversity action. The Ninth Circuit cases cited by defendant are all diversity actions. *See, e.g.*, *Springs v. First Nat'l Bank of Cut Bank*, 835 F.2d 1293 (9th Cir. 1988); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246 (9th Cir. 1987); *Cheiker v. Prudential Ins. Co. of Am.*, 820 F.2d 334 (9th Cir. 1987). Relatedly, the parties are directed to address whether, in the event California's compulsory counterclaim statute does not directly apply in this action, the Court should nevertheless apply that statute as a matter of comity. *See Chapman v. Aetna Finance Co.*, 615 F.2d 361, 364 (5th Cir. 1980) (*cited in Pochiro*, 827 F.32d at 1249).

Plaintiff is additionally directed to address whether any part of plaintiff's claims arise out of facts that are separate and distinct from those bearing on the enforceability of the debt itself.

The parties shall file their supplemental briefs of no longer than 5 pages by **noon on June 8, 2007**.

**IT IS SO ORDERED.**

Dated: June 7, 2007

*Susan Illston*
SUSAN ILLSTON
United States District Judge