IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON E. DAVIS, | No. C 07-1767 SI |
| Plaintiff, | **ORDER DENYING DEFENDANT UNIFUND CCR PARTNERS' MOTION TO DISMISS** |
| v. | |
| UNIFUND CCR PARTNERS, et al., | |
| Defendants. | |

Pursuant to Civil Local Rule 7-1(b), the Court took defendant's motion to dismiss under submission, and ordered supplemental briefing. The Court has reviewed the parties' supplemental papers, and for the reasons set forth below, DENIES the motion.

**BACKGROUND**

On March 28, 2007, plaintiff Jason Davis filed this action against Unifund CCR Partners ("Unifund"), an Ohio corporation, and Steven Booksa. The complaint alleges that Unifund is in the business of collecting consumer debts owed to another, and that Booksa is an individual "regularly engaged in attempting to collect debts owed to another through litigation in this state." Complaint ¶¶ 4-5.

The complaint alleges that Unifund, through its attorney Booksa, filed a lawsuit against Davis on May 31, 2006 in the Superior Court of California, County of Stanislaus. *Id.* ¶ 30; Defendants' Request for Judicial Notice Ex. A (state court complaint). Unifund filed the state court action as an assignee of Citibank, and sought to collect on a debt owed by Davis on a Citibank credit card. Complaint ¶ 29. Davis asserted a number of affirmative defenses, including that Unifund had failed to

state a valid claim, that its claims were barred by the statute of limitations, that the Citibank contract was unenforceable and illusory, and that Unifund was in violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the California Rosenthal Act, Cal. Civ. Code § 1788 *et seq*. *See* Defendants' Request for Judicial Notice Ex. B (state court answer). Davis did not assert any counterclaims in the state court action. *Id*. Unifund dismissed the state court action without prejudice on November 17, 2006. Complaint ¶ 37.

Davis brings the instant action under the FDCPA and the Rosenthal Act. The complaint alleges that defendants "knew that the alleged evidence they possessed, and were willing or able to obtain during the course of [the state court] litigation was, and would be insufficient as a matter of law to prove a case at the time of trial" but that nevertheless defendants continued to prosecute the state court action. *Id*. ¶¶ 33-34. The complaint also alleges that defendants knew or should have known that the state court action was time-barred, and that defendants "engaged in an unfair or unconscionable means of collecting a debt." *Id*. ¶¶ 39-40. In addition, the complaint alleges,

> Defendants thus institute debt-collection suits such as that against the Plaintiff in the hopes that the matter will go by default to UNIFUND. Defendants therefore count on obtaining a default judgment in such cases with "evidence" that they know would not survive opposition scrutiny at trial. Defendants are unwilling and incapable of obtaining appropriate evidence to prevail at trial.
>
> Defendants' primary purpose in filing actions against debtors is to obtain default judgments; Defendants regularly dismiss actions filed against debtors if the debtor contests the lawsuit because of a) Defendants' lack of and inability to obtain admissible evidence and b) Defendants' wish to avoid liability for a defendant's attorneys' fees.
>
> When UNIFUND dismisses such actions without prejudice, it may sell the account to another company that buys old debt, knowing, and thus perpetuating the possibility that the debtor may be subjected to further debt collection activities.

*Id*. ¶¶ 25-27.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other*

*grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Unifund moves to dismiss the complaint on the ground that plaintiff's FDCPA and Rosenthal claims are compulsory counterclaims that plaintiff should have filed and pursued in the state court action. The California compulsory counterclaim rule is contained in California Code of Civil Procedure § 426.30, which provides in relevant part,

> Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded.

Cal. Code Civ. Proc. § 426.30. Defendant argues that plaintiff was required to raise the FDCPA and Rosenthal Act claims in state court because those claims directly arise out of the same set of operative facts at issue in the collection case, namely the ownership and enforceability of the debt. Defendant cites several Ninth Circuit cases holding that a party who fails to assert a compulsory counterclaim in state court may not subsequently pursue the claim in federal court. None of these cases, however, involve the relationship between state collection actions and subsequent federal FDCPA claims.

Plaintiff responds that the instant unfair debt collection claims arise out of a different set of facts than the state collection action. Here, plaintiff does not challenge the validity of the debt, but rather the

allegedly illicit methods by which defendants sought collection. Plaintiff also emphasizes the fact that the instant claims are based, in part, on defendants' actions *after* initiating the state court collection action, and thus plaintiff's FDCPA and Rosenthal Act claims could not have been asserted "at the time of serving his answer to the complaint." Cal. Code Civ. Proc. § 426.30.

The Court concludes that plaintiff's FDCPA and Rosenthal Act claims are not compulsory counterclaims, and thus plaintiff is not barred from bringing the instant action. Although the FDCPA and Rosenthal Act claims are generally related to the subject matter of the state collection action – plaintiff's Citibank debt – the FDCPA and Rosenthal Act claims arise out of a different set of facts related to defendants' alleged unfair and illegal practices in their efforts to collect on that debt. Other courts have agreed that collection claims and FDCPA claims do not arise out of the same set of operative facts. *See, e.g., Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1997); *Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1137 (8th Cir. 1981) ("Although there is some overlap of issues raised in both cases as a result of the defenses raised in the state action, the suit on the debt brought in state court is not logically related to the federal action initiated to enforce federal policy regulating the practices for the collection of such debts."); *Campos v. Western Dental Servs.*, *Egge v. Healthspan*, 404 F. Supp. 2d 1164, 1168-69 (N.D. Cal. 2005); *Sparrow v. Mazda Am. Credit*, 385 F. Supp. 2d 1063, 1068-69 (E.D. Cal. 2005).

Accordingly, for the foregoing reasons the Court DENIES defendant's motion to dismiss. (Docket No. 12).

**IT IS SO ORDERED.**

Dated: June 20, 2007

SUSAN ILLSTON
United States District Judge