IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON E. DAVIS, | Case No. C 07-1767-SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES** |
| v. | |
| UNIFUND CCR PARTNERS, a corporation; STEVEN A. BOOSKA, an individual; and DOES 1-10 inclusive, | |
| Defendants. | |

Before the Court is plaintiff's motion to compel defendants to produce further responses to interrogatories. This case arises out of defendants' alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* and the California Rosenthal Act, Civil Code §§ 1788 *et seq.* Specifically, plaintiff alleges that defendants engage in a pattern and practice of purchasing old, defaulted debts in bulk, and then filing lawsuits against individuals without undertaking reasonable investigation regarding whether their claims are time-barred. Complaint ¶¶ 13-20. Plaintiff further alleges that defendants file such lawsuits with the hope that they will result in default judgments in favor of defendants, and that defendants regularly dismiss actions if an alleged debtor contests the lawsuit because defendants (a) lack admissible evidence to support their claim, or (b) wish to avoid liability for an alleged debtor's attorney's fees. Complaint ¶¶ 25-26. Plaintiff alleges he was a victim of this pattern and practice, and that he suffered harassment, oppression, and abuse as a result.

To support his claim, plaintiff served interrogatories on defendants in accordance with the Federal Rules of Civil Procedure. At issue here are Interrogatories 2 through 6 to defendant Unifund, and Interrogatories 1 through 3 against defendant Booska. These interrogatories ask defendants to

identify and describe debt-related documents that defendants possessed when they commenced their debt collection action against plaintiff, and when they dismissed that action. They also seek information regarding the number and disposition of similar lawsuits filed by defendants in California between January 1, 2004 through July 31, 2006. Plaintiff contends in his brief that proper responses to these interrogatories will tend to show habit or routine practice as permitted by Federal Rule of Evidence 602, as well as prove various elements of plaintiff's statutory claims.

Defendants' responses consist entirely of formulaic objections on the grounds that they are overbroad, vague, or that they seek confidential or privileged information. In some instances, defendants assert that they have provided responsive documents to plaintiff, and thus do not need to respond to the interrogatories. Regarding questions about defendants' other lawsuits, defendants respond that plaintiff can obtain that information elsewhere. In their brief, defendants do not address plaintiff's argument that he is entitled to this information to show habit or routine practice, and to support the various elements of his claims. Instead, they contend that plaintiff will fail on the merits of his claims.

Defendants' arguments on the merits of the case are premature, as the scope of discovery is broad: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26(b)(1). Plaintiff's interrogatories are not overbroad or vague, and plaintiff is entitled to fully responsive answers. To the extent certain documents are privileged, defendants may assert the relevant privileges, but must provide plaintiff with a privilege log if they choose to do so. *See* Fed. R. Civ. Proc. 26(b)(5)(A). To the extent defendants contend that information regarding other lawsuits is "equally available to plaintiff," the Court finds that efficiency and accuracy would be served by having defendants provide that information.

Accordingly, the Court GRANTS the motion (Docket No. 46), and orders the defendants to provide further and complete responses no later than **November 5, 2007**.

**IT IS SO ORDERED.**

Dated: October 24, 2007                                    Susan Illston

SUSAN ILLSTON
United States District Judge