IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON E. DAVIS, | Case No. C 07-1767-SI |
| Plaintiff, | **ORDER REGARDING PLAINTIFF'S MOTIONS FOR SANCTIONS AND DEFENDANTS'** ***EX PARTE*** **APPLICATION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY** |
| v. | |
| UNIFUND CCR PARTNERS, a corporation; STEVEN A. BOOSKA, an individual; and DOES 1-10 inclusive, | |
| Defendants. / | |

Before the Court are three of plaintiff's motions seeking discovery sanctions against defendants (Docket Nos. 60, 61 and 62), and defendants' *ex parte* application for additional time to respond to the Court's October 24, 2007 order compelling further responses to interrogatories (Docket No. 63). Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument. Having considered the papers submitted, and for the reasons set forth below, the Court GRANTS in part and DENIES in part plaintiff's motions for sanctions, and GRANTS defendants' motion for an extension of time to comply with this Court's prior order.

**DISCUSSION**

This case arises out of defendants' alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* and the California Rosenthal Act, Civil Code §§ 1788 *et seq.* Specifically, plaintiff alleges that defendants engage in a pattern and practice of purchasing old, defaulted debts in bulk, and then filing lawsuits against individuals without undertaking reasonable investigation regarding whether their claims are time-barred. Complaint ¶¶ 13-20. Plaintiff further alleges that defendants file

such lawsuits with the hope that they will result in default judgments in favor of defendants, and that defendants regularly dismiss actions if an alleged debtor contests the lawsuit because defendants (a) lack admissible evidence to support their claim, or (b) wish to avoid liability for an alleged debtor's attorney's fees. Complaint ¶¶ 25-26. Plaintiff alleges he was a victim of this pattern and practice, and that he suffered harassment, oppression, and abuse as a result.

To support his claim, plaintiff served interrogatories on defendants on July 31, 2007 in accordance with the Federal Rules of Civil Procedure. Dissatisfied with defendants' responses to Interrogatories 2 through 6 to defendant Unifund, and Interrogatories 1 through 3 to defendant Booska, plaintiff moved for an order compelling further responses. The interrogatories at issue ask defendants to identify and describe debt-related documents that defendants possessed when they commenced their debt collection action against plaintiff, and when they dismissed that action. They also seek information regarding the number and disposition of similar lawsuits filed by defendants in California between January 1, 2004 through July 31, 2006. The Court granted the motion on October 24, 2007, ordering defendants to provide further and complete responses no later than November 5, 2007. Defendants failed to meet the Court's November 5, 2007 deadline, and instead filed a motion for summary judgment, which is currently scheduled for hearing on December 7, 2007.

Plaintiff now moves for (1) sanctions seeking $1,485 in attorney fees that plaintiff incurred in bringing his motion to compel further responses; (2) sanctions staying defendants' pending summary judgment motion until the Court's prior order is obeyed, as well as striking defendants' answer and entering default against defendants; and (3) shortened time for hearing the motion for sanctions staying the summary judgment motion and seeking default. Defendant, in turn, asks the Court for a three-week extension so that it may compile the information necessary to comply with the Court's prior order.

The Court has reviewed the papers submitted, and finds as follows: (1) while they ultimately lost on the motion to compel, defendants' objections to the interrogatories at issue were not entirely unreasonable, and thus requiring defendants' to pay for plaintiff's attorney's fees is not warranted here; (2) it is appropriate to postpone the hearing on defendants' motion for summary judgment until **January 18, 2008** (the next available date on the Court's calendar), but it is not appropriate to strike defendants' answer or enter default; (3) it is unnecessary to shorten the time for hearing plaintiff's motion because

it is decided in this order; and (4) defendant may have an additional three weeks to comply with this Court's October 24, 2007 order compelling further responses to interrogatories.  **Accordingly, defendants are hereby ORDERED to produce further and complete responses to plaintiff's interrogatories no later than November 26, 2007.  Further extensions of time to respond are unlikely and, in any event, may not be sought after the extended deadline has passed.**

**Plaintiff's opposition to defendants' motion for summary judgment is due December 21, 2007; defendants' reply is due January 4, 2008.**

**IT IS SO ORDERED.**

Dated: November 15, 2007

SUSAN ILLSTON
United States District Judge