1
2
3
4
5       IN THE UNITED STATES DISTRICT COURT

6       FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   JASON E. DAVIS,                                    No. C 07-1767 SI

9            Plaintiff,                                **ORDER DENYING PLAINTIFF'S
                                                       MOTION FOR SUMMARY JUDGMENT**
10    v.                                               **AND GRANTING DEFENDANTS'
                                                       MOTION FOR SUMMARY JUDGMENT**
11  UNIFUND CCR PARTNERS, a corporation;
    STEVEN A. BOOSKA, an individual; and
12  DOES 1 through 10 inclusive,

13           Defendants.
                                                    /
14

15        On January 18, 2007, the Court heard argument on the parties' cross-motions for summary

16  judgment. Having considered the arguments of counsel and the papers submitted, the Court DENIES

17  plaintiff's motion for summary judgment and GRANTS defendants' motion for the reasons set forth

18  below.

19        The facts as presented in the parties' papers are not substantially in dispute. Plaintiff made a

20  partial payment on his credit card debt in October 2002. Although the law in California regarding credit

21  card accounts is somewhat unclear, the Court finds that the partial payment operated to restart the statute

22  of limitations. *See Martindell v. Bodrero*, 63 Cal. Rptr. 774, 776 (Ct. App. 1967) ("As a general rule,

23  part payment of a debt or obligation is sufficient to extend the bar of the statute. The theory on which

24  this is based is that the payment is an acknowledgment of the existence of the indebtedness."); *see also*

25  Cal. Code Civ. Proc. § 337; Cal. Code Civ. Proc. § 360. Therefore, defendants' May 31, 2006 state

26  court collection action was not time-barred as a matter of law. The Court further finds that based upon

27  the evidence presented, defendants had a sufficient basis to succeed in the state court collection action.[1]

28

---

[1] Defendants submitted the sworn declaration of Jeffrey Shaffer, Vice President of Legal
Operations for Unifund, which states that Unifund purchased plaintiff's debt account from the original
creditor. Defendants provided evidence of a credit card agreement, a bill of sale and assignment of the

The Court finally finds, however, that the questions of law involved are sufficiently close that it cannot

be said that plaintiff brought instant action in bad faith or for the purpose of harassment

**CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiff's motion for summary judgment [Docket

No. 50] and GRANTS defendants' motion for summary judgment [Docket No. 69].

**IT IS SO ORDERED.**

Dated: January 22, 2008

SUSAN ILLSTON
United States District Judge

---

debt account from the original creditor to defendants, and documentation of the amount of debt. Plaintiff did not dispute defendants' evidence or declarations, nor did he provide any evidence to the contrary. Although plaintiff objects that defendants did not produce the purchase and sale agreement during discovery, the Court does not rely on the purchase and sale agreement in this decision. Consequently, the Court need not reach plaintiff's discovery objection.